**JUDGE JONES**

**'09 CIV 8249**

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
ARK SHIPPING CO., LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200
jmoore@nb-ny.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARK SHIPPING CO., LTD.,          :
                                 :
                     Plaintiff,  :
                                 :   09 Civ.      (   )
         - against -             :
                                 :   **VERIFIED COMPLAINT**
KWANG YANG ENG-BPR, a/k/a KWANG YANG :
ENGINEERING-BPR, a/k/a KWANGYANG :
ENGINEERING/BPR, a/k/a GWANG YANG :
ENGINEERING CO., LTD., a/k/a KYE-BPR and :
BHOOMI POORANI RESOURCES LLC, a/k/a :
BHOOMI POORNI RESOURCES LLC,     :
                                 :
                     Defendants. :
------------------------------------------------------------X

Plaintiff, Ark Shipping Co., Ltd. ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendants, KWANG YANG ENG-BPR, a/k/a KWANG YANG ENGINEERING-BPR, a/k/a KWANGYANG ENGINEERING/BPR, a/k/a GWANG YANG ENGINEERING CO., LTD., a/k/a KYE-BPR (hereinafter collectively "Kwang Yang") and BHOOMI POORANI RESOURCES LLC, a/k/a BHOOMI POORNI RESOURCES LLC (hereinafter collectively "Bhoomi") (all the foregoing defendants and their a/k/as are hereinafter collectively referred to as "Defendants"), alleges as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of the Republic of Korea with an office and place of business at 8th Floor, Han-Young Building, 57-9 Seosomun-Dong, Chung-Gu, Seoul, Korea.

3. At all material times, Kwang and Bhoomi were and now are corporations or other business entities organized and existing under the laws of a foreign state or country. Kwang Yang and Bhoomi have an office and place of business at 1507-83 Singum-Ri; Okgog-Myun, Gwangyang-Si, Jeonna, Republic of Korea and Bhoomi also has an office and place of business at other locations, including No. 21, I Main Road, Ja Nagar, Arumbakkaun, Chennai-600-106, India. Kwang Yang and Bhoomi have common directors, including Mr. Krishnan Raghavan, and are commonly owned and operated as a single entity for the international purchase, carriage and sale of iron ore.

4. Pursuant to a charter party recap dated August 7, 2009 (attached as Exhibit "A"), Plaintiff, as owner, chartered the vessel M/V SANKO KING to defendants, Kwang Yang, as charterer and its nominee, Bhoomi, as a further nominated charterer. In correspondence, Bhomi also referred to itself as the charterer. The charter provides for resolution of disputes between the parties by arbitration in Hong Kong with English law to apply. Plaintiff is preparing to demand arbitration in Hong Kong.

5. The charter party called for Defendants to load 55,000 metric tons, 10% more or less at Plaintiff's option of iron ore, in bulk, at one safe port, one safe berth, Paradip, India for carriage to and discharge of said cargo at one safe berth Rizhao, North China at a freight rate of $22 per metric ton, free in, out, stowed and trimmed (i.e., these expenses are for Defendants' account).

6. The charter party also called for Defendants to make an advance payment of freight which Defendants did on or about August 11, 2009 in the amount of $302,500.

7. The vessel arrived at Paradip for loading on or about August 11, 2009 and remained there until September 4, 2009 waiting for Defendants to provide cargo for loading. During this period, demurrage became due and owing from Defendants to Plaintiff in the amount of $410,875 and Plaintiff also incurred and paid port expenses at Paradip in the additional amount of $44,562 which should be for Defendants' account in the premises.

8. Defendants failed to provide a cargo at Paradip and requested that the vessel proceed to the point of Krishnapatnam, India.

9. The vessel proceeded to Krishnapatnam but at a cost, in deviation expenses for the vessel's time and fuel, in the amount of $58,714.18 which should also be for Defendants' account in the premises.

10. Defendants thereafter never provided a cargo for loading and otherwise breached and repudiated the charter by demanding that Plaintiff renegotiate lower rates for carriage and Plaintiff eventually declared the charter party to be at an end.

11. In addition to the foregoing costs and expenses for demurrage, port expenses and deviation costs which should all be for Defendants' account, Plaintiff also

suffered further damages in lost freight by reason of Defendants' breach of charter. As best as can presently be calculated, Plaintiff claims lost freight in the amount of $270,250 consisting of a freight rate difference of $5 per ton ($22 per ton under the charter party versus an expected substitute charter rate of $17 per ton) for 54,050 metric tons.

12. By reason of the foregoing premises and, after allowing Defendants a credit in the amount of $302,500 for advance freight paid, Defendants owe Plaintiff the net amount of $482,901.18 ($410,875 + $44,562 + $58,714.18 + $270,250 - $302,500), as best as can presently be calculated. Plaintiff has sent an invoice for said amount plus $100,000 for anticipated legal costs and expenses to collect same. (Exhibit "B" with bank details redacted).

13. Defendant has therefore breached its contract with Plaintiff and currently owes to Plaintiff the principal amount of $482,901.18.

14. Costs, including solicitor's fees and expenses are routinely awarded to the successful party in Hong Kong and Plaintiff claims the total of $100,000 representing a reasonable estimate of the likely solicitor's fees and arbitration costs to present and determine Plaintiff's claim in Hong Kong.

15. Interest is also routinely awarded to the prevailing party in Hong Kong on the principal amount of Plaintiff's claim and Plaintiff claims interest at 6% for a period of 2 years, or the sum of $57,948.14, the said period of time being a reasonable estimate for resolution of the claim in Hong Kong arbitration.

16. By reason of the foregoing premises, Defendants owe Plaintiff the sum of $640,849.32 as best as can presently be calculated.

17.     As reflected in the charter party recap (Exhibit "A"), Defendants are involved in the international sale and carriage of goods for which they pay in U.S. Dollars and such amounts are typically paid, as was advance freight by Defendants in this case, by wire transfer. Wire transfers in U.S. dollars invariably clear through correspondent banks in New York. It is therefore anticipated that Defendants will have goods, chattels, credits and effects in the district.

18.     Defendants cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but, as indicated, Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That, since Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, attaching all of Defendants' tangible or

intangible property owing to or otherwise the property of the Defendants up to the amount of $640,849.32 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

C. That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

D. That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that the action be stayed pending resolution of the merits of the claim in Hong Kong in accordance with the governing contract.

E. That Plaintiff have such other, further and different relief as may be just and proper.

Dated: New York, New York
September 28, 2009

    NOURSE & BOWLES, LLP
    Attorneys for Plaintiff
    ARK SHIPPING CO., LTD.

By: _____
    JULIA M. MOORE (JM-9778)
    One Exchange Plaza, At 55 Broadway
    New York, NY 10006-3030
    (212) 952-6200
    Email: jmoore@nb-ny.com

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK         )

JULIA M. MOORE, being duly sworn, deposes and says:

I am an associate with the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

_____
JULIA M. MOORE

Sworn to before me this
28th day of September, 2009

_____
Notary Public

Karlene S. Jackson, Notary Public
State of New York, #01JA5083169
Qual. In Queens Cty; New York Cty
Commission Expires November 17, 2013

7